UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANCHEZ TORELLO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:14 CV 1248 CDP |
| | ) |
| JAY CASSADY and CHRIS KOSTER,[1] | ) |
| | ) |
| Respondents. | ) |

# **MEMORANDUM AND ORDER**

This case is before the Court on the petition of Sanchez Torello for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently serving multiple terms of imprisonment following convictions for felonious restraint, armed criminal action, and attempted rape. Torello asserts he is entitled to habeas corpus relief because he received ineffective assistance of counsel when trial counsel elicited and then failed to object to evidence regarding his prior misdemeanor assault conviction. The Missouri Court of Appeals considered his claim of ineffective assistance and rejected it on the merits, finding he could not show he was prejudiced by the conduct of his trial counsel. I conclude that the decision of

---

[1] Petitioner has named as respondent the State of Missouri. The proper respondent when a petitioner is in jail due to the state action he is attacking is the state officer having custody of the applicant. *See* Rule 2 of the Rules Governing § 2254 Cases. Because petitioner also challenges the state's prosecution of his criminal case, the attorney general would appear to be an additional respondent in this action. *Id.*

the Missouri Court of Appeals was not contrary to Federal law or based on an unreasonable determination of the facts. Therefore, I will deny Torello's petition for the writ of habeas corpus.

*Factual Background*

On January 31, 2007, petitioner Torello met with his estranged wife, the victim in the case, in his S.U.V. parked at her workplace. When the victim sought to leave the vehicle after this meeting, Torello refused to allow her to exit, grabbing her wrist and reaching for the console of the vehicle where she was aware that Torello kept a loaded gun. With the victim still in the passenger seat, Torello drove away on the highway for hours, occasionally stopping and making threatening statements to the victim. At one point, Torello forced the victim to lie in the back seat and remove her pants, attempting to have sex with her and instructing her to perform oral sex. After this occurrence, Torello drove back toward the city, eventually stopping near a church where they had previously received counseling. Torello pulled the gun out of the console, grabbed the victim by her hair and hit her head with the gun, stating something to the effect of "don't make me kill you." Eventually the victim was able to gain the attention of the church pastor, who intervened and eventually was able to confiscate Torello's gun. The victim then ran into the church, where she hid until Torello left.

## *Procedural History*

Torello was charged with felonious restraint, armed criminal action, and attempted forcible rape. At trial, a jury found Torello guilty on all three counts, and the trial court sentenced him as a misdemeanor prior offender to concurrent terms of seven years in prison each for felonious restraint and armed criminal action, and to a consecutive term of twenty-five years in prison for attempted forcible rape. (Resp. Exh. G, p. 43-44). On direct appeal, the Missouri Court of Appeals affirmed Torello's convictions, but remanded the case for re-sentencing based upon an erroneous finding by the trial court that Torello was a persistent misdemeanor offender. *Torello v. Missouri,* 334 S.W. 3d 903 (Mo. Ct. App. 2011) (Resp. Exh. K). Torello was subsequently resentenced to concurrent terms of five years each for felonious restraint and armed criminal action, and a consecutive term of twenty years for attempted forcible rape.

Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. The motion court entered judgment denying Petitioner's post-conviction motion. (Resp. Exh. N, p. 138-142). The Missouri Court of Appeals affirmed the decision of the motion court. *Missouri v. Torello,* 455 S.W.3d 28 (Mo. Ct. App. 2014) (per curiam) (Unreported Supp. Mem. at Resp. Exh. R).

*Grounds for Relief*

Torello raises a single claim of ineffective assistance of counsel. Although his petition lists this as three separate claims, all three are simply aspects of his argument that counsel was ineffective for allowing the jury to hear and consider the evidence of his prior assaultive behavior.

This evidence was presented in two instances at trial.

The first instance occurred in an exchange between defense counsel and the victim during cross-examination regarding the gun in the vehicle at the time of the assault:

> Q: And, actually, is this 9-millimeter, this was a gun that you bought. Is that right?
>
> A: It is.
>
> Q: This is a gun in your name?
>
> A: Because he couldn't get it in his name because of his criminal history.
>
> Q: And because he had a misdemeanor?
>
> A: Well, assault against a police officer.

(Resp. Exh. C, Tr. P. 333, l. 25 to 334, l.7).

The second instance occurred during an exchange between the State and the victim during re-direct examination:

> Q: Why was it that you signed for the gun instead of him?

4

> A: Because he was scared that because of his criminal background he thought that they would kick it back and they wouldn't let him get something.
>
> Q: And what was that background, to your knowledge?
>
> A: Assault against a police officer, physical stuff. I don't know if he had anything from beating his last girlfriend, but I remember it was assault kind of stuff.

(Resp. Exh. C, Tr. at p. 369, l. 7 to l. 17).

## *Discussion*

A federal court may grant a writ of habeas corpus for a claim adjudicated on the merits in state court only when the state court's decision:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding."

Anti-terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d) (2006). "A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an unreasonable application of clearly established Federal law if the state court applied the Supreme Court's "precedents to the facts

in an objectively unreasonable manner." *Id*. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Furthermore, when reviewing a state court decision, a federal court must presume that a state court's factual determinations are correct; a petitioner may rebut this presumption only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To prevail on a claim of ineffective assistance of trial counsel, a petitioner must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. *Id*. To show deficiency, the petitioner must prove counsel's assistance fell below an "objective standard of reasonableness ... under prevailing professional norms." *Id.* at 688. To demonstrate prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

6

In his motion for post-conviction relief in the trial court, Torello claimed that his trial counsel was ineffective for soliciting and failing to object to the evidence in question. At the motion hearing for post-conviction relief, trial counsel testified that he did not remember the evidence in question being adduced, nor could he recall any strategic reason for allowing it. The motion court nonetheless found counsel's "explanations of trial strategy to comport with the record of the trial of this case and to be reasonable," thus finding trial counsel to be credible and trial strategy sound and reasonable. (Resp. Exh. N, at p. 140). On appeal, however, the Missouri Court of Appeals disagreed with this portion of the motion court's finding, stating "we cannot comprehend how counsel's testimony supports such a finding and thus cannot affirm on that basis." (Resp. Exh. R, Mem. at p. 3). The Court of Appeals therefore considered only the issue of prejudice, and concluded that Torello had not shown that he was prejudiced by counsel's handling of this evidence.

The Missouri Court of Appeals discussed the appropriate *Strickland* standard and stated, "[e]ven assuming – as we must from the PCR hearing transcript – that counsel's inaction wasn't strategic, it also wasn't so significant, in light of the full trial record, as to undermine confidence in the outcome. In other words, the preponderance of the evidence does not prove Movant's claim of prejudice." *Id*.

The court noted that the evidence of Torello's guilt was strong even without this brief portion of the victim's testimony, and concluded that there was no reasonable probability that the outcome of his case would have been different if the jury had not heard this evidence. The court pointed out that the victim's testimony was corroborated by the testimony of the pastor, who intervened and eventually secured Torello's firearm from the vehicle. *Id.* at p. 4. Additional evidence supporting the jury's finding of guilt included the victim's ripped coat, photos of her injuries, and the testimony of other witnesses who took the victim's statement and observed her demeanor immediately after the incident. *Id.* The court stated that the jury was free to assign weight to the evidence as it sees fit, and that "evidence of Movant's guilt was strong notwithstanding the brief references to his history." *Id.*

The Missouri Court of Appeals' decision to deny Torello relief did not involve or result in a decision that was contrary to or an unreasonable application of federal law. The state court cited *Strickland* and properly applied it to the facts. In applying *Strickland*, the state court found that even if Torello could show that the introduction of prior conviction evidence was an error, he failed to show that he was prejudiced by this error. This was an entirely reasonable decision based on the evidence and the law.

As established above, even if Torello were able to show that his counsel's performance was deficient, he has failed to demonstrate prejudice, a necessary component to prevail on a claim of ineffective assistance of counsel. Accordingly, his claim for habeas relief based on ineffective assistance of counsel will be denied.

## *Certificate of Appealability*

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); see *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Torello's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that Sanchez Torello's petition for writ of habeas corpus (1) pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that Torello is not entitled to a Certificate of Appealability on any of his claims.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2016.